UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAROLD R.J. STENSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>ELDON VAIL, Secretary of<br>Washington Department of<br>Corrections (in his official capacity),<br>et al.,<br><br>    Defendants. | No. CV-08-5079-LRS<br><br>**ORDER GRANTING STAY** |

    In the captioned action, Plaintiff has filed a complaint for injunctive and equitable relief under 42 U.S.C. Section 1983, alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights. This complaint was filed on November 21, 2008. Plaintiff moves for an order temporarily restraining the Defendants from scheduling or carrying out his execution until the conclusion of the captioned action. (Ct. Rec. 5). Telephonic hearing was conducted on November 24 and November 25.

    On or about October 29, 2008, Plaintiff commenced an action in the Thurston County Superior Court for the State of Washington which, like the captioned action, seeks declaratory and injunctive relief under the Eighth and Fourteenth Amendments "to be free from arbitrary and capricious Washington Department of Corrections ("DOC") protocols and procedures" regarding lethal injection. On November 21, 2008, the Thurston County Superior Court entered an order which declined to dismiss Plaintiff's claims related to lethal injection (although the court did dismiss Plaintiff's claims related to hanging). The superior

**ORDER GRANTING STAY- 1**

court, however, denied Plaintiff's motion for preliminary injunction, finding Plaintiff had not demonstrated a likelihood of success on the merits. The superior court certified this decision for immediate review pursuant to Washington Rules of Appellate Procedure (RAP) 2.3(b). Pursuant thereto, Plaintiff has filed an interlocutory appeal with the Washington Supreme Court asking it to grant discretionary review and stay the execution currently scheduled for 12:01 a.m. on December 3, 2008.

Because of the ongoing and pending proceedings in the Washington courts, a serious question is raised whether, pursuant to *Younger v. Harris*, 401 U.S. 37, 49-53, 91 S.Ct. 746 (1971), this federal court should abstain and dismiss the captioned federal action. Important state interests are involved in the litigation before the Washington courts. On the other hand, a federal plaintiff must "have a full and fair opportunity to litigate his constitutional claim" in the course of state proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627, 106 S.Ct. 2718 (1986). This court should not abstain unless a plaintiff's constitutional claims can be "timely decided by a competent state tribunal." *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689 (1973). At this juncture, considering the December 3, 2008 execution date, there is considerable uncertainty whether Plaintiff's constitutional claims will be timely decided on their merits by the Washington courts. **ACCORDINGLY, PENDING FURTHER ORDER OF THIS COURT, PLAINTIFF'S EXECUTION, WHETHER BY HANGING OR LETHAL INJECTION, IS STAYED, AND PROCEEDINGS IN THE CAPTIONED ACTION ARE STAYED**. Plaintiff's Motion For Temporary Restraining Order (Ct. Rec. 5) and Motion For Preliminary Injunction (Ct. Rec. 12) are **STAYED**.

While this stay has the same effect as a temporary restraining order or preliminary injunction and is based on the policy rationale and reasoning underlying those remedies, this court is not labeling it as such in recognition that it

**ORDER GRANTING STAY- 2**

has not made a final decision on the propriety of *Younger* abstention. At this time, this court is not making any determination regarding likelihood of success on the merits and its stay is not intended to reverse the Thurston County Superior Court's denial of a preliminary injunction. It is still possible that Plaintiff will be afforded a full and fair opportunity to litigate the merits of his federal constitutional claims in the Washington courts, the venue he initially chose for adjudication of those claims. There are a number of different scenarios which could play out with regard to the action commenced in Thurston County Superior Court. Regardless of what the Washington Supreme Court does, or beyond that what the U.S. Supreme Court may do regarding the superior court's denial of the motion for preliminary injunction, the fact remains that the superior court has not dismissed the federal constitutional claims related to lethal injection and has yet to adjudicate those claims on their merits.

Of course, in the meantime, Plaintiff or Defendants may seek an interlocutory appeal to the Ninth Circuit Court of Appeals regarding the propriety of this stay order. To the extent a right of an interlocutory appeal does not exist pursuant to 28 U.S.C. Section 1292(a)(1), **THE COURT CERTIFIES THIS MATTER FOR AN IMMEDIATE APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS ON THE BASIS THAT THIS STAY ORDER "INVOLVES A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION AND THAT AN IMMEDIATE APPEAL FROM THE ORDER MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION." 28 U.S.C. §1292(b).**

//
//
//
//

**ORDER GRANTING STAY- 3**

1 **IT IS SO ORDERED**.  The District Executive shall forward copies of this
2 order to counsel.
3     **DATED** this   25th   of November, 2008.

                            *s/Lonny R. Suko*

                          LONNY R. SUKO
                      United States District Judge

**ORDER GRANTING STAY - 4**